

UNITED STATES DISTRICT COURT

JUL 2 8 2005

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| CHRISTOPHER W. BLAKNEY, | CIV. 04-4181 |
|  | CR 97-40062 |
| Movant, |  |
|  | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Christopher Blakney, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, Doc. 1. The government answered the Motion and moved to dismiss it. Blakney filed a reply to the government's answer. For the reasons set forth below, the Motion will be denied. Blakney also filed a Motion for Appointment of Counsel and for Oral Arguments, Doc. 10; a Motion for indigent Petitioner to receive a copy of sentencing transcript and the said records, Doc. 11; and a Motion to Clarify Petitioners Position, Doc. 12.

## BACKGROUND

An indictment was returned against Blakney on July 22, 1997, charging him with interstate transportation of stolen livestock, in violation of 18 U.S.C. §§ 2316 and 2. Blakney entered a plea of guilty to the charged offense on October 22, 1997. On December 23, 1997, Blakney was sentenced to 21 months' imprisonment and three years' supervised release. He did not file an appeal of this sentence. After his release from prison, his supervised release was revoked and he was sentenced on July 24, 2002, to time served while he was confined on the petition to revoke supervised release, and to two years' supervised release. A second petition to revoke supervised release was filed on September 18, 2003. Following amendments to the petition, supervised release was again revoked and Blakney was sentenced to 12 months' imprisonment on December 2, 2003, with no supervised release to follow imprisonment. Based upon credit for time served in custody

pending the second revocation proceedings, Blakney's 12-month sentence was completed on or about September 26, 2004. The present Motion regarding Blakney's 12-month sentence was filed on November 12, 2004.

At the time of the second revocation proceedings, Blakney was under indictment for a drug violation. On June 21, 2003, Blakney was sentenced to 96 months' imprisonment on the drug charge after entering a plea of guilty. *See United States v. Blakney*, CR 03-40095 (D.S.D.). The sentence for the drug violation was imposed to run consecutively to Blakney's sentence for violation of his supervised release. *See id.* (Judgment, Doc. 45). Thus, at the time Blakney filed the present Motion, he was in custody pursuant to the sentence on the drug charge, rather than the 12-month sentence for his second supervised release violation.

Citing to 18 U.S.C. § 3583(a), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), Blakney contends that § 3583(a) does not authorize a court to impose a term of supervised release *in addition* to the maximum term of imprisonment under 18 U.S.C. § 2316. He points out that the United States Sentencing Guidelines require the imposition of a term of supervised release where a sentence of imprisonment of one year or more is imposed. *See* USSG § 5D1.1(a). He claims that the imposition of a 12-month sentence for violation of supervised release violates the rules in *Apprendi* and *Blakely*.

In a Motion to Clarify Petitioner's Position Pursuant to his 18 U.S.C. § 2255, Doc. 12, Blakney sets forth an example to explain his view on why the Court had no jurisdiction to impose more than three months' supervised release in the initial sentencing in this matter:

> A person was convicted of a crime of interstate transportation of stolen livestock. His Base Offense Level is 8. His Criminal History Category is 6. The sentencing guideline manual calls for a sentence of 18 to 24 months, the courts impose a 21 month sentence. The statutory maximum under the guidelines being 24 months. The Courts could only impose a term of 3 months supervised release. This is so, because Statute 18 U.S.C. 3583(a) states "may include as a part of the sentence" part of the sentence refers to [the term of imprisonment only]. It clearly does not say anywhere in Title 18 U.S.C. 2316 or 18 U.S.C. 3583 that supervised release is to be imposed in addition to the maximum term of imprisonment.

(Doc. 12.) From the example given by Blakney, it appears he believes that the statutory maximum sentence for his crime of interstate transportation of stolen livestock is the top of the range of imprisonment established under the United States Sentencing Guidelines. The maximum sentence for his crime, however, is five years' imprisonment pursuant to 18 U.S.C. § 2316.

In his response to the Government's answer, Blakney argues that the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), is retroactive. Thus, he contends that *Booker* can be applied in this post-conviction proceeding.

The Government contends that this Motion is moot because Blakney was not in custody pursuant to the conviction and sentence being challenged in this action. The present Motion was filed on November 12, 2004, but Blakney had served the entirety of the sentence in this case by on or about September 26, 2004. In the alternative, the Government argues that *Blakely* and *Booker* are not retroactive, thus precluding Blakney from collaterally attacking his conviction and sentence based upon those Supreme Court decisions.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. It is likely that Blakney's Motion is moot because he was not in federal custody under the conviction and sentence he seeks to attack when he filed the present § 2255 Motion. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (recognizing that even though a federal prisoner had been released from custody and supervised parole before the district court's adjudication, "'[t]he case is nevertheless not moot, because the federal conviction could have collateral consequences in the future, and [the movant] *was still in federal custody when he instituted these § 2255 proceedings*.'" (emphasis added)) (quoting *Clemmons v. United States*, 721 F.2d 235,

237 n. 3 (8th Cir. 1983)). Because Blakney's Motion clearly lacks merit, however, the Court will deny the Motion on its merits. The Court will address Blakney's allegations regarding various Supreme Court decisions separately below.

1.   *Apprendi* and *Blakley*

Blakney contends that his sentence violates *Apprendi*, 530 U.S. at 466, because it was above the statutory maximum, which he contends is 24 months as established by the Guidelines. He contends because he was sentenced to 21 months' imprisonment for the crime of interstate transportation of stolen livestock, he could receive only three months' supervised release. This is an incorrect interpretation of the statutory maximum applicable to his offense. Pursuant to 18 U.S.C. § 2316, the statutory maximum term of imprisonment is five years. In *Blakely*, the Supreme Court made clear that the statutory maximum for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant*." *Blakely*, 124 S.Ct. at 2537 (emphasis added). Blakney admitted to transporting stolen livestock across state lines, which subjects him to the penalty provided in 18 U.S.C. § 2316. Thus, Blakney's initial sentence of imprisonment of 21 months, plus the two terms of imprisonment pursuant to the supervised release violations do not exceed the statutory maximum of five years' imprisonment.

In addition to misinterpreting the statutory maximum sentence of imprisonment applicable to his offense, Blakney misinterprets the amount of supervised release that is authorized for a violation of a federal criminal offense. He contends that the maximum amount of supervised release the Court can impose is the difference between the sentence of imprisonment imposed and the top of the Guidelines range. This is an incorrect interpretation of 18 U.S.C. § 3583(a), which provides in relevant part: "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment ...." Pursuant to 18 U.S.C. § 3583(b)(2), the maximum term of supervised release that could be imposed for Blakney's offense was not more than three years. *See* 18 U.S.C. § 3559(a)(4) (providing that a crime with a maximum of five years' imprisonment is a Class D felony). Thus, the maximum term of supervised release that could be

imposed on Blakney was provided in 18 U.S.C. § 3583(b)(2) and was not limited by the Guidelines range for the offense.

## 2. *Booker*

The other argument advanced by Blakney is that the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), is retroactive and he may attack his conviction and sentence in these post-conviction proceedings. This Court is bound, however, by the Eighth Circuit Court of Appeals' holding in *Never Misses a Shot v. United States*, No. 05-1233, 2005 WL 1569403, at *2 (8th Cir. July 7, 2005), that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Thus, Blakney is not entitled to relief under *Booker*.

The Court notes that the Supreme Court has never recognized a Sixth Amendment right for a jury determination of the facts relating to a supervised release violation. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that revocation of parole is not part of criminal prosecution). Moreover, Chapter 7 of the Guidelines, which is the chapter applicable to supervised release violations, was considered advisory before *Booker* was decided. *See United States v. Edwards*, 400 F.3d 591, 592-93 (8th Cir. 2005) (finding no error in considering Guidelines in determining revocation sentence); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005) (recognizing that policy statements regarding revocation of supervised release are not binding on the court).

In light of the above discussion, the Court finds that Blakney is not entitled to an evidentiary hearing. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief, ... or where the allegations 'amount to no more than a bare contradiction of statements petitioner made when [he] pled guilty.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Blakney has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1.  That Petitioner's Motion to Clarify Petitioners Position, Doc. 12, is granted.

2.  That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.

3.  That Petitioner's Motion for Appointment of Counsel and for Oral Arguments, Doc. 10, are denied.

4.  That Petitioner's Motion for indigent Petitioner to receive a copy of sentencing transcript and the said records, Doc. 11, is denied.

5.  That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this __27th__ day of July, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Sharon Haas_
(SEAL)       DEPUTY

6